UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAT BUDIG,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH IDAHO COLLEGE,<br><br>    Defendant. | No.: 2:15-cv-00084-SAB<br><br>**ORDER DISMISSING COMPLAINT** |

On March 31, 2015 Plaintiff Pat Budig filed an ex parte complaint with the Court and attempted to proceed with this case pro se and in forma pauperis. After three attempts, in forma pauperis status was granted on June 3, 2015.[1] The matter was then referred to this Court for pre-service adjudication.

The Court must dismiss a complaint or portion thereof if an in forma pauperis plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915e not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

---

[1] Due to a regretful error, the matter was not brought to the Court's attention until July 2017.

**ORDER DISMISSING COMPLAINT ^ 1**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint alleges that North Idaho College issued a trespass order against Plaintiff on September 18, 2012, and that there was no reason for the order to issue. Plaintiff alleges Defendant slandered him in its student newspaper. Defendant also alleges that this slander violated civil rights and the Americans with Disabilities Act.

Plaintiff also alleges that Defendant did not show a correct grade on a 2014 transcript and did not provide a disability accommodation in a student program called "CEA." Plaintiff cites another student's lawsuit against the school. Plaintiff

**ORDER DISMISSING COMPLAINT ^ 2**

alleges that a person named Alex Harris asked Plaintiff to sign a contract which "[went] against [his] civil, student, and disability rights." ECF No. 9 at 3. The complaint states that Defendant is a resident of Kootenai County, Idaho.

## ANALYSIS

A court must hold personal jurisdiction over a defendant before it may entertain a lawsuit against it. This is to prevent the unfair situation of forcing a defendant with no reasonable connection to a forum state to litigate in that forum. Because there is no federal statute governing jurisdiction in this case, the Court uses the law of Washington, the potential forum, where this Court sits. *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

Here the relevant law is the Washington State long-arm statute, RCW 4.28.185(1). The state of Washington places no restriction on the use of its long-arm statute besides the restrictions of federal due process. *Chan v. Soc. Expeditions, Inc.,* 39 F.3d 1398, 1405 (9th Cir. 1994) (citing *Mirza Minds Inc. v. Kenvox U.S. L.L.C.*, No. 2:15-CV-00053-SAB, 2015 WL 6693689, at *1 (E.D. Wash. Nov. 3, 2015)). Though two kinds of jurisdiction are generally considered under federal due process, only specific jurisdiction is applicable here.[2]

Specific jurisdiction must arise from the acts of the defendant in the case at hand. In the Ninth Circuit, three factors are considered: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully

---

[2] General jurisdiction is inappropriate, as Defendant is not domiciled in the Eastern District of Washington, and otherwise "[f]or general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in 'continuous and systematic general business contacts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)). The allegations in the complaint do not come close to meeting this "exacting standard." *Id.*

**ORDER DISMISSING COMPLAINT ^ 3**

avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Overall, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2008) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Absent an evidentiary hearing, plaintiffs need only, through "pleadings and affidavits[,] make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995). Without personal jurisdiction over a defendant, a case must be dismissed; this is no different when the Court reviews a complaint for sufficient cause under 28 U.S.C. § 1915(e)(2)(B). Even the pro se must allege sufficient contacts to secure specific jurisdiction, or their case is dismissed. *Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011).

Reading through the complaint's sparse allegations convinces the Court that there is no prima facie showing that it possess specific jurisdiction over Defendant in this matter. If Defendant University is able to "issue a trespass," it is unlikely to be able to do so beyond its local authority in Idaho. Any discussions of Plaintiff and a trespass order against him in the student newspaper is unlikely to extend past the university campus, and there is no evidence whatsoever that Defendant attempted to distribute physical copies of the newspaper in Washington State. *See, e.g.*, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774-75 (1984) (finding

**ORDER DISMISSING COMPLAINT ^ 4**

purposeful direction where defendant published magazines in Ohio and circulated them in the forum state, New Hampshire).

It appears that Defendant did consummate a transaction with Plaintiff in that Plaintiff is or was a student at the university (though this fact is not directly alleged). It further appears that the claims alleged arise out of Defendant's alleged forum-related conduct. But any alleged harms committed by Defendant in regard to the faulty transcript or accommodations in a student group took place in Idaho; none of these activities were directed at Washington or took place in Washington. There is no indication these activities were directed at Washington State.

Haling Defendant into this Court would simply not comport with traditional notions of fairness. There are insufficient factual allegations to show that this Court has personal, specific jurisdiction over Defendant. As such, Plaintiff has failed to state a claim for which this Court may grant relief, and the complaint must be dismissed.

## OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Additionally, dismissals on grounds of lack of personal jurisdiction must be granted a chance to amend. Fed. R. Civ. P. 4(m); *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985). Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

**ORDER DISMISSING COMPLAINT ^ 5**

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff may file an amended complaint within sixty days of the entry of this order. Alternatively, Plaintiff may file the complaint with a court that possesses personal jurisdiction to hear the case.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide a copy to pro se Plaintiff.

**DATED** this 13th day of July, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT ^ 6**